UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ALFRED CHRISTIAN DARLINGTON,
            *Plaintiff-Appellee,*

            and

BILLIE J. DARLINGTON,
                        *Plaintiff,*

            v.

DARRIN EDWARD BROMSETH,
            *Defendant-Appellant,*

            and                                    No. 03-2026

H. C. PLETCH, Officer, Chesterfield
County Police Officer; R. BROWN,
Detective, Chesterfield County
Police Department; JOHN DOES 1-10,
unknown members of the
Chesterfield County Police
Department,

                        *Defendants.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-03-40-3)

Submitted: April 2, 2004

Decided: June 21, 2004

Before WILKINS, Chief Judge, DUNCAN, Circuit Judge,
and Bobby R. BALDOCK, Senior Circuit Judge of the
United States Court of Appeals for the Tenth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Jeffrey L. Mincks, Sr., Stylian P. Parthemos, OFFICE OF THE COUNTY ATTORNEY, Chesterfield, Virginia, for Appellant. Murray J. Janus, Taylor B. Stone, BREMNER, JANUS, COOK & MARCUS, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellant Darrin Bromseth, an officer with the Chesterfield County Police Department ("CCPD") in Virginia, appeals the district court's order denying in part his motion for summary judgment in Alfred and Billie Darlington's action under 42 U.S.C. § 1983 (2004). The Darlingtons' complaint alleged a number of claims arising from the search of their residence and the arrest of Alfred Darlington based on the CCPD's mistaken belief that Darlington was a convicted felon disqualified from possessing a firearm. The district court denied Officer Bromseth's motion for summary judgment asserting qualified immunity as to Darlington's claims of assault and battery and excessive force, and Officer Bromseth appeals. For the following reasons, we affirm.

I.

The facts relevant to this appeal may be summarized as follows. In January 2001, officers of the CCPD stopped Darlington in his car because he and his vehicle met the description of a suspect described in a radio call. During this encounter, officers learned that Darlington

owned a firearm. Because Darlington insisted that while he had served time in prison his conviction had been overturned, and because a search of the Virginia state police's criminal database returned no felony conviction, the officers returned the firearm to Darlington and ended the encounter.

Shortly thereafter, CCPD officers learned that a search of the criminal record database maintained by the Virginia Supreme Court indicated that Alfred Darlington had been convicted of a felony. Believing Darlington was thus a felon in possession of a firearm, the officers obtained an arrest warrant for Darlington and a warrant to search his residence. The investigating officers, supported by members of the Chesterfield County Police Emergency Response Team ("PERT team"), arrived at the Darlingtons' residence to execute the warrants during the early morning hours of January 19, 2001. When Billie Darlington opened the front door, the PERT team, including Officer Bromseth, rushed past her to secure the residence. Officer Bromseth and his partner, tasked with securing the rear of the residence, encountered Alfred Darlington in a narrow hallway leading to the back and ordered him to lie down on the floor in order to let the officers pass. Darlington, who was undressed at the time, complied immediately. The parties do not dispute that Officer Bromseth, in proceeding past Darlington, placed his foot on Darlington's back in order to force him completely to the floor.

In their complaints, the Darlingtons asserted claims of malicious prosecution, false arrest, illegal search, intentional infliction of emotional distress, assault and battery, and excessive force. On the Defendants' motion for summary judgment, the district court concluded that the Defendants were entitled to qualified immunity as to all but Alfred Darlington's claims of excessive force and assault and battery under Virginia law. Officer Bromseth appeals the district court's interlocutory order allowing those claims to proceed against him alone pursuant to *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), which permits interlocutory appeals following the denial of qualified immunity. *See Bailey v. Kennedy*, 349 F.3d 731, 738 (4th Cir. 2003).

## II.

This court reviews the district court's denial of qualified immunity *de novo. Bailey v. Kennedy*, 349 F.3d 731, 739 (4th Cir. 2004). "'The

burden of proof and persuasion with respect to a claim of qualified immunity is on the defendant official.'" *Id.* (quoting *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003)). An officer may do so by demonstrating either that no constitutional right would have been violated under the facts as alleged, *Saucier v. Katz*, 533 U.S. 194, 200 (2001), or that it would not be clear to an objectively reasonable officer that his conduct violated the right in question, *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002).

Having had the benefit of the parties' briefs, and after careful consideration of the record and applicable law, we find no error in the district court's conclusion that Officer Bromseth was not entitled to summary judgment as to Darlington's claims of excessive force and assault and battery. Accordingly, we affirm the denial of qualified immunity as to those claims for the reasons stated by the district court. *Darlington v. Pletch*, No. CA-03-40-3 (E.D. Va. Aug. 6, 2003).

*AFFIRMED*